**Dency Mariel LEON–POLANCO, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 11–73219.

United States Court of Appeals, Ninth Circuit.

Submitted June 12, 2014.*

Filed June 18, 2014.

Dency Mariel Leon–Polanco, Canyon Country, CA, pro se.

Andrew B. Insenga, Trial, Oil, Ada Elsie Bosque, Senior Litigation Counsel, DOJ–U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: McKEOWN, WARDLAW, and M. SMITH, Circuit Judges.

MEMORANDUM **

Dency Mariel Leon–Polanco, a native and citizen of El Salvador, petitions for review of the Board of Immigration Ap-

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

peals' ("BIA") order dismissing her appeal from an immigration judge's ("IJ") decision denying her application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184–85 (9th Cir.2006), and we review de novo claims of due process violations, *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000). We deny in part and grant in part the petition for review, and we remand.

We reject Leon–Polanco's contention that the IJ adjudicated her case without reviewing the record, in violation of her due process rights. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error and prejudice to prevail on a due process claim).

Substantial evidence supports the agency's denial of CAT relief because Leon–Polanco failed to establish it is more likely than not she would be tortured by or with the acquiescence of the government if returned to El Salvador. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir.2008).

In denying Leon–Polanco's asylum and withholding of removal claims, the agency found Leon–Polanco failed to establish past persecution or a fear of future persecution on account of a protected ground. When the IJ and BIA issued their decisions in this case they did not have the benefit of either this court's decisions in *Henriquez–Rivas v. Holder*, 707 F.3d 1081 (9th Cir.2013) (en banc), *Cordoba v. Holder*, 726 F.3d 1106 (9th Cir.2013), and *Pirir–Boc v. Holder*, 750 F.3d 1077 (9th Cir. 2014), or the BIA's decisions in *Matter of M–E–V–G–*, 26 I. & N. Dec. 227 (BIA 2014), and *Matter of W–G–R–*, 26 I. & N. Dec. 208 (BIA 2014). Thus, we remand Leon–Polanco's asylum and withholding of removal claims to determine the impact, if any, of these decisions. *See INS v. Ventura*, 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam). In light of this remand, we do not reach Leon–Polanco's remaining challenges to the agency's denial of her asylum and withholding of removal claims at this time.

The parties shall bear their own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**